UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ALFRED L. CROSS                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 5:19-CV-P30-TBR

DAVID KNIGHT *et al.*                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Alfred L. Cross's *pro se* complaint (DN 1) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this action.

### I.

Plaintiff, an inmate at the Grayson County Detention Center, filed this civil-rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations during his incarceration in the McCracken County Jail (MCJ). As Defendants, Plaintiff names MCJ "Head jailer" David Knight; "Jail Official" Tray English; and "former head jailer" Tonya Ray. He sues Defendants in their individual and official capacities.

Plaintiff alleges that from March 6, 2017, through at least mid-February 2019, he "as well of others, have been denied access to any legal documents, lawbooks to prepare and/or assist in my case." He also alleges that he was "denied access to my personal legal papers, whereas, I had to get a Court Order, from this State Judge, in case number: 16-CR-00487-001, to retrieve them." Additionally, he claims, "Due to these violations, denial of access to legal books/documents, I was forced to plead in this state case, whereas, I had a defense as my case in financial, a number of issues."

In a grievance attached to the complaint, Plaintiff complains that MCJ "does not have a law library or law books or access to a authorized legal assistant/para legal . . . . This jail misrepresents that you have such on the visiting computer screen[.]"

Plaintiff alleges that each Defendant "jointly violated" his rights under the First, Fifth, Sixth, and Fourteenth Amendments. As relief, Plaintiff seeks damages and an injunction ordering MCJ "to activate law library computer."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Cox v. Jackson*, 579 F. Supp. 2d 831, 849 (E.D. Mich. 2008) ("'The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment,' as well as from the Privileges and Immunities Clause of Article IV.") (citations omitted). "[A] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam) (citing *Bounds*, 430 U.S. 817 and *Avery v. Johnson*, 393 U.S. 483 (1969)). Where counsel is appointed to represent the prisoner plaintiff in his criminal action pending against him, "[a]s a matter of law, [] the state [has] fulfilled its constitutional obligation to provide him with full access to the courts." *Holt v. Pitts*, 702 F.2d at 640; *see also Lewis v. Clark*, 577 F. App'x 786, 797 (10th Cir. 2014) ("[A]lthough the Sixth Amendment provides a right to counsel or a right to proceed pro se, it

does not provide a right to assist appointed counsel with legal research."). Here, the complaint suggests that Plaintiff was represented by counsel in his state criminal case because Plaintiff alleges that he was denied legal papers and law books "to prepare and/or *assist* in my case" (emphasis added). Thus, Plaintiff has failed to state a constitutional claim.

Even if Plaintiff proceeded *pro se* in the criminal action, the "right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). "A pretrial detainee voluntarily proceeding in a criminal case pro se is not constitutionally entitled to access to a law library." *McBee v. Campbell Cty. Det. Ctr.*, No. 17-5481, 2018 WL 2046303, at *3 (6th Cir. Mar. 15, 2018) (citing *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990)); *see also United States ex rel. George v. Lane*, 718 F.2d 226, 231 (7th Cir. 1983) ("[T]he offer of court-appointed counsel to represent a defendant satisfies the constitutional obligation of a state to provide a defendant with legal assistance under the Sixth and Fourteenth Amendments.").

For these reasons, Plaintiff has failed to state a constitutional claim upon which relief may be granted, and the action will be dismissed by separate Order.

Date: August 8, 2019

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4413.005